**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
THE BURLINGTON INSURANCE      :
COMPANY,                      :
                              :
     Plaintiff,               :
                              :  No. 3:06CV00483(AWT)
v.                            :
                              :
MICHAEL DE VESTA D/B/A        :
CARPENTRY CONCEPTS, CAVALIERE :
CUSTOM HOMES, INC., HUGO      :
HERNANDEZ AND THE NEW YORK    :
STATE INSURANCE FUND,         :
                              :
     Defendants.              :
                              :
------------------------------x
```

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, The Burlington Insurance Company ("Burlington"), has moved for summary judgment. For the reasons set forth below, its motion is being granted.

**I.  BACKGROUND**

Burlington brought this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify its insured, Michael De Vesta d/b/a Carpentry Concepts ("De Vesta"), in the lawsuit captioned <u>Hugo Vincent Hernandez v. Cavaliere Custom Homes, Inc.</u>, Docket No. 3:04 CV 01931 (AWT), (the "Hernandez lawsuit"). The Hernandez lawsuit was brought by Hugo Hernandez ("Hernandez") against Cavaliere Custom Homes, Inc. ("Cavaliere") after he was injured while working for De Vesta,

-1-

Cavaliere's subcontractor, on a Cavaliere construction site located at 10 Arthur's Court in Newtown. Cavaliere brought a third-party complaint against De Vesta asserting claims of negligence and breach of contract. Burlington is defending De Vesta in the Hernandez lawsuit under a complete reservation of rights. In this declaratory judgment action, Burlington has moved for summary judgment.

**II. LEGAL STANDARD**

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp., 477 U.S. at 322.

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986); Graham v. Long

Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question . . . raised on the basis of the evidence presented," the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000). In an action involving contract interpretation, summary judgment is appropriate only when the terms of the contract are wholly ambiguous. Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975).

**III. DUTY TO INDEMNIFY**

The insurance policy issued to De Vesta by Burlington states that it "does not apply to" "'bodily injury' to" "an 'employee' of the insured." (Commercial Gen. Liab. Coverage Form (Doc. No. 63, Ex. A) ("Coverage Form") at 1-2.) The policy defines "employee" as including leased workers, but not temporary workers. (Coverage Form at 11.) In order for Hernandez's injuries to be covered by the policy, he must either be a temporary worker, or not an employee at all, because employees are excluded from coverage. The parties agree that Hernandez was working for De Vesta. (See Pl's Mem. In Supp. of Mot. for Summ. J. ("Pl's Mem.") (Doc. No. 63), at 4; Def's Mem. of Law in Opp'n

to Pl's Mot. For Summ. J. ("Def's Mem.") (Doc. No. 74), at 2-3.) Therefore, the only way Hernandez's injuries would be covered by the Burlington policy is if he were a "temporary worker" of De Vesta.

However, Hernandez does not fall under the definition of a "temporary worker." A "temporary worker" is "a person who is furnished to [the insured] to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions." (Coverage Form at 13.) This provision is clear and unambiguous. In order to have been "furnished," the worker must have been hired through "an employment agency, manpower service provider or any similar service." See Nationwide Mut. Ins. Co. v. Allen, 850 A.2d 1047, 1057 (Conn. App. 2004). Hernandez was not hired through any such service. (Pl's Mem. at 15-16; Def's Mem. at 2.) Hernandez is an employee, not a temporary worker, and is therefore excluded from coverage under the Burlington policy.[1]

**IV. DUTY TO DEFEND**

In Stamford Wallpaper Co., Inc. v. TIG Ins., 138 F.3d 75 (2d Cir. 1998), the court explained Connecticut law on the duty to defend:

---

[1] The defendant contends that New York law should be applied in construing the contract and the definition of "temporary worker." (Def's Mem., Doc. No. 74 at 5-8.) The court concludes that Connecticut law governs. However, even if New York law were applied, Mr. Hernandez would not fit into the definition of "temporary worker."

-4-

> Under Connecticut law, an insurer's duty to defend is broader than its duty to indemnify. The general rule is that if an allegation of the complaint falls even <u>possibly</u> within the coverage, then the insurance company must defend the insured. Where a complaint in the action states a cause of action against the insured which appears to bring the claimed injury within the policy coverage, it is the contractual duty of the insurer to defend the insured in that action regardless of the duty of the insurer to indemnify. The existence of a duty to defend is determined on the basis of what is found within the four corners of the complaint . . . . Although the duty to defend is broad, however, it is circumscribed by the language of the insurance contract. The nature of the insurer's duty to defend is purely contractual.

<u>Id.</u> at 79 (citations omitted). The insurer's duty to defend is triggered if a single count of the complaint alleges damages within the policy coverage. <u>See</u> <u>id.</u>

Cavaliere's third-party complaint against De Vesta does not allege an injury that falls within the coverage under Burlington's policy. The policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Coverage Form at 1-2.) The policy states that Burlington has "no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." <u>Id.</u> Furthermore, the policy coverage does not extend to "any obligation to share damages with or repay someone else who must pay damages because of the injury." <u>Id.</u> Cavaliere does not allege damages resulting from bodily injury or property damage.

Cavaliere's third-party complaint sets forth four counts. (See Am. Third Party Compl. at 7-14, Hernandez lawsuit Doc. No. 53.) Count One is a claim for common law indemnification. Cavaliere alleges: "If the defendant/third party plaintiff Cavaliere is found to be liable to the plaintiff, the third party defendant Devesta/Carpentry Concepts is liable to reimburse and indemnify Cavaliere from all losses which it has and/or may suffer as a result of the third party defendant's negligence." (Am. Third Party Compl. at 11.) Count Four is a claim for common law indemnification as a result of bailment. Cavaliere alleges: "If the defendant/third party plaintiff Cavaliere is found to be liable to [Hernandez], the third party defendant [De Vesta] is liable to reimburse and indemnify Cavaliere from all losses which it has and/or may suffer as a result of [De Vesta's] negligence pursuant to the terms of the contract for bailment." (Id. at 14.) Obligations to pay damages because of a duty to indemnify are not within the policy coverage. Thus, Counts One and Four do not trigger the duty to defend.

Counts Two and Three of the third-party complaint are claims for breach of contract. (Id. at 11-13.) Obligations to pay damages because of a breach of contract are not within the policy coverage, so Counts Two and Three do not trigger the duty to defend. Because none of the four counts in the third-party complaint seeks damages for bodily injury or property damage,

-6-

there is no claim in the third-party complaint that De Vesta is legally obligated to pay damages because of bodily injury or property damage. As the allegations in the third party complaint do not fall within the policy's coverage, Burlington has no duty to defend.

**V.   CONCLUSION**

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment (Doc. No. 62) is hereby GRANTED. The Burlington Insurance Company does not have a duty to defend or indemnify Michael De Vesta d/b/a Carpentry Concepts with respect to any claims against him in <u>Hugo Vincent Hernandez v. Cavaliere Custom Homes, Inc.</u>, Docket No. 3:04 CV 01931(AWT), and judgment to that effect shall enter in its favor.

The Clerk shall close this case.

It is so ordered.

Dated this 24th day of September 2007 at Hartford, Connecticut.

                                           /s/AWT
                                      Alvin W. Thompson
                                United States District Judge